UNSealed
Public and unofficial staff access to this instrument are prohibited by court order.

United States Courts
Southern District of Texas
FILED
SEP 10 2008
Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Case No. |
| | § | H-08-620 |
| Onesimo Cruz | § | |
| Olegario Flores Garcia | § | |
| Luis Ariel Rivera-Rodriguez (aka Whiskey 2) | § | UNSEALED |
| | § | UNDER SEAL PER ARREST |
| Clarissa Lizbeth Gonzalez | § | 9/30/2008 |

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

**COUNT 1**
Conspiracy to Possess with the Intent to Distribute

Beginning on a date no earlier than 1 June 2006, and continuing up to and including the date of the return of the indictment, in the Southern District of Texas, and elsewhere,

**Onesimo Cruz,**
**and**
**Olegario Flores Garcia**

defendants herein, did unlawfully, knowingly, and intentionally, combine, conspire, confederate, and agree with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance. This violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 1000

kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii), and 841(b)(1)(A)(vii).

## COUNT 2

Conspiracy to Commit Money Laundering (Promotion)

Beginning on a date no earlier than 1 June 2006, and continuing up to and including the date of the return of the indictment, in the Southern District of Texas, and elsewhere,

**Onesimo Cruz,**

**Olegario Flores Garcia**
**Luis Ariel Rivera-Rodriguez,**

**Clarissa Lizbeth Gonzalez, and**

defendants herein, did knowingly and intentionally agree, combine, conspire and confederate with each other, and others known and unknown to the Grand Jury, to commit the following offense against the United States:

To knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely, the sale and distribution of controlled substances, with the intent to promote the carrying on of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of 18 U.S.C. § 1956 (a)(1)(A)(i).

### Manner and Means

1. It was a part of the conspiracy that one or more of the conspirators would request or direct one or more other members of the conspiracy to travel to locations to collect or acquire possession of United States Currency (USC), which represented narcotics proceeds, from individuals

to whom narcotics shipments had previously been delivered on consignment.

2. It was further a part of the conspiracy that following the collection or acquisition of this USC one or more of the conspirators would request or direct one or more of the other members of the conspiracy to transport the USC to other individuals for subsequent disposition and transfer.

3. It was further a part of the conspiracy that one or more members of the conspiracy would be paid money for transporting, transferring, and disposing of the USC to the care of others.

**Overt Acts**

In furtherance of and to accomplish the objects of the conspiracy alleged in CountTwo of this Indictment, the following overt acts, among others, were committed in the Southern District of Texas and elsewhere:

1. On or about 24 May 2007, in Hidalgo, Texas, defendant was transporting approximately $1,449,860.00 in USC for subsequent disposition and transfer.

2. On or about 26 February 2008, in McAllen, Texas, defendant was transporting approximately $2,464,540.00 in USC for subsequent disposition and transfer.

3. On or about 29 March 2008, in Hebbronville, Texas, approximately $1,421,480.00 in USC was being transported for subsequent disposition and transfer.

4. On or about 20 April 2008, in Houston, Texas, defendant was transporting approximately $1,284,690.00 in USC for subsequent disposition and transfer.

[All in violation of 18 U.S.C. § 1956(h)].

**COUNT 3**

Money Laundering (Promotion)

On or about 24 May 2007, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

defendant herein, aiding and abetting others, known and unknown to the Grand Jury, did unlawfully and knowingly conduct or attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer and subsequent disposition from one person to another of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and that while conducting or attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds totaling approximately $1,449,860.00, in United States currency, represented the proceeds of some form of unlawful activity.

In violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.

**COUNT 4**
Money Laundering (Promotion)

On or about 26 February 2008, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

**Onesimo Cruz,**
and
**Clarissa Lizbeth Gonzalez**

defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did unlawfully and knowingly conduct or attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer and subsequent disposition from one person to another of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and that while conducting or attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds totaling approximately $2,464,540.00, in United States currency, represented the proceeds of some form of unlawful activity.

In violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.

**COUNT 5**

Money Laundering (Promotion)

On or about 29 March 2008, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

defendant herein, aiding and abetting others, known and unknown to the Grand Jury, did unlawfully and knowingly conduct or attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer and subsequent disposition from one person to another of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and that while conducting or attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds totaling approximately $1,421,480.00, in United States currency, represented the proceeds of some form of unlawful activity.

In violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.

**COUNT 6**

Money Laundering (Promotion)

On or about 20 April 2008, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did unlawfully and knowingly conduct or attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer and subsequent disposition from one person to another of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and that while conducting or attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds totaling approximately $1,284,690.00, in United States currency, represented the proceeds of some form of unlawful activity.

In violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to 21 U.S.C. § 853 – as a result of the commission of a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii), & 841(b)(1)(A)(vii) – and pursuant to 18 U.S.C. § 982 – as a result of the commission of a violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h) – notice is given that the defendant(s):

**Onesimo Cruz,**

**Olegario Flores Garcia,**
**Luis Ariel Rivera-Rodriguez,**

**Clarissa Lizbeth Gonzalez**

shall forfeit to the United States of America-

(1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of any such violation; and

(2) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violation.

Including, but not limited to:

**(1) approximately $1,449,860.00 in USC, seized on or about 24 May 2007;**
**(2) approximately $2,748,760.00 in USC, seized on or about 8 June 2007;**
**(3) approximately $2,464,540.00 in USC, seized on or about 26 February 2008;**
**(4) approximately $1,421,480.00 in USC, seized on or about 29 March 2008;**
**(5) approximately $1,284,690.00 in USC, seized on or about 20 April 2008.**

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of the defendant:

(1) cannot be located upon exercise of due diligence;
(2) has been transferred or sold to, or deposited with, a third party;
(3) has been placed beyond the jurisdiction of the court;
(4) has been substantially diminished in value; or
(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to 21 U.S.C. § 853 (p)(2) and 18 U.S.C. § 982(b)(1).

**A TRUE BILL**

ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

DONALD J. DeGABRIELLE, JR.
United States Attorney

By:

Peter Mason
Assistant United States Attorney